UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br> AS BROADCAST LICENSEE OF THE <br> NOVEMBER 18, 2006, <br> MORALES/PACQUIAO EVENT <br> <br> *Plaintiff*, <br> <br> v. <br> <br> EL BOCADITO, INC., INDIVIDUALLY AND <br> AND *d/b/a* EL BOCADITO; <br> <br> AND <br> <br> JOSE G. MEDINA, INDIVIDUALLY <br> AND *d/b/a* EL BOCADITO <br> <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-09-3733 |

**ORDER AND FINAL JUDGMENT**

Pending before the court are the plaintiff's request for entry of default and motion for default judgment against defendants 1) El Bocadito, Inc., Individually and *d/b/a* El Bocadito; and 2) Jose G. Medina, Individually and *d/b/a* El Bocadito (collectively "Defendants"). Dkts. 11, 12. For the following reasons, the request and motion are GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, J&J Sports Productions, Inc. ("J&J"), is a broadcast licensee authorized to sub-license the closed-circuit telecast of the November 18, 2006 "The Grand Finale": The Erick Morales v. Manny Pacquiao, WBC International Super Featherweight Championship Fight Program (the "Event"). Dkt. 1 at 3. J&J was licensed to exhibit the Event at closed circuit locations throughout Texas. *Id.* Commercial customers could receive and broadcast the program only through purchase

from J&J.  *Id.*  After receiving sublicense fees, J&J provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal.  *Id.* at 4.

Defendant El Bocadito, Inc. is a commercial establishment doing business as El Bocadito and is located at 8445 Gulf Freeway, Houston, Texas, 77017.  *Id.* at 1.  The complaint alleges that El Bocadito unlawfully intercepted J&J's signal and exhibited the Event to customers in its establishment[1] without having paid the required fees.  *Id.* at 4.  J&J claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks statutory damages pursuant to those sections.  *Id.* at 6.  J&J served the defendant with substituted process, via certified mail, on January 28, 2010, but to date defendant has not filed a responsive pleading in the case.  *See* Dkt. 5 (granting substituted service).  J&J now moves for entry of default and default judgment against El Bocadito.

## ANALYSIS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested.  S.D. TEX. L.R. 5.5.

Plaintiff properly served process on defendants via substituted service by certified mail, with return receipt requested.  Dkts. 6, 9.  The summons was addressed to defendant and explained the consequences of not answering the complaint within twenty (20) days, pursuant to the Federal Rules

---

[1] The Affidavit of Betty Garcia indicates that she observed approximately 205 people in the establishment during the broadcast of the Event.  Dkt. 12, Ex. A-2 at 1.

of Civil Procedure. Defendants have not answered or otherwise made an appearance. Plaintiff properly served its request for entry of default and the motion for default and the motion for default judgment, under Local Rule 5.5 by mailing copies to the defendant via certified mail, return receipt requested. Dkt. 12 at 2. Accordingly, defendant was properly served in this case both with process and plaintiff's motion for default judgment. Given defendant's failure to answer the complaint within twenty (20) days, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by plaintiff in this action.

In this case, plaintiff seeks statutory damages, additional damages, attorney's fees, costs, post-judgment interest, and a permanent injunction against the defendant. Under the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case; § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior; § 605(e)(3)(B)(iii) mandates that courts award attorney's fees and allows courts to award full costs; and § 605(e)(3)(B)(I) permits courts to grant injunctions.[2]

Specifically, plaintiff has requested statutory damages in the amount of $10,000; additional damages in the amount of $50,000; attorney's fees of 33 1/3 % contingency or $1,000 based on four (4) hours at an hourly rate of $250; conditional attorney's fees; costs; post-judgment interest; and a permanent injunction prohibiting defendant from intercepting or exhibiting an unauthorized program in violation of the Federal Communication Act. The court finds the requested relief to be reasonable in this case and awards statutory damages in the amount of $10,000; additional damages

---

[2] Even though plaintiff alleges violations of both § 553 and § 605, it is not clear that damages resulting from one unlawful act of cable or satellite piracy are recoverable under both sections. The Fifth Circuit has not explicitly addressed whether recovery under both sections for the same action is permissible. *See Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996), for the proposition that a plaintiff may not recover under both sections). Even courts holding that liability overlaps between § 553 and § 605 often have chosen to impose liability under § 605 because it is more generous to plaintiffs. *See Entm't by J&J, Inc. v. Al-Waha Enter., Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002).

in the amount of $50,000; attorney's fees in the amount of $1,000; and post-judgment interest shall accrue at the rate of 0.36% per annum.

Furthermore, J&J is entitled to recover the following conditional awards of attorney's fees from El Bocadito in the following circumstances:

    a.    Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

    b.    Fifteen Thousand Dollars ($15,000.00) in the event defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c.    Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

    d.    Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

    e.    Two Thousand Dollars ($2,000.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

## CONCLUSION

For the foregoing reasons, plaintiff's requests for entry of default and motion for default judgment are GRANTED.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on June 8, 2010.

```
                          _____
                                  Gray H. Miller
                          United States District Judge
```

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY